UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| FREDERICK CONTI, | ) | CASE NO. 4:10cv1659 |
| | ) | |
| PETITIONER, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OF OPINION AND |
| | ) | ORDER |
| J. T. SHARTLE, et al, | ) | |
| | ) | |
| | ) | |
| RESPONDENTS. | ) | |

On July 29, 2010, petitioner *pro se* Frederick Conti filed the above-captioned petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner, who is incarcerated at the Federal Correctional Institution in Elkton, Ohio, asserts the Bureau of Prisons has not applied the Second Chance Act properly to him, and he seeks release to a halfway house.

Petitioner's projected release date is October 23, 2011. He complains that his Unit Team at FCI Elkton refused to consider Community Programming until his May 2010 Program Review. The Petition does not specifically indicate whether that Review took place and, if so, what the outcome was. Instead, petitioner simply asserts that the Bureau of Prisons is relying on outdated policy memorandums to deny him early release.

This matter is before the Court for screening. 28 U.S.C. § 2243; *Harper v. Thoms*, 51 Fed. App'x 517, 518 (6th Cir. 2002). As Mr. Conti is appearing *pro se*, his petition is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999).

The BOP's authority to designate where federal prisoners are confined is based on

18 U.S.C. § 3621(b), which states:

> (b) Place of imprisonment.--The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering--
> (1) the resources of the facility contemplated;
> (2) the nature and circumstances of the offense;
> (3) the history and characteristics of the prisoner;
> (4) any statement by the court that imposed the sentence--
> (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
> (B) recommending a type of penal or correctional facility as appropriate; and
> (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

Further, 18 U.S.C. § 3624(c)(1) provides that "[t]he Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility."

Here, petitioner merely asserts in a conclusory manner that the Bureau of Prisons relied on outdated policy memorandums to deny him placement in a halfway house 12 months prior to his scheduled release. However, there is no reasonable suggestion that BOP has a policy in place that categorically limits halfway house placement to six months, or that such a policy was applied to petitioner. Indeed, the Regional Director's March 11, 2010 response to petitioner's appeal, a copy of which is attached to the petition, explicitly states that the factors set forth in 18 U.S.C. § 3621(b) would be considered in petitioner's case.

For the foregoing reasons, this action is dismissed pursuant to 28 U.S.C. § 2243. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Dated: November 30, 2010

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**